1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRY LAMELL EZELL,

                Petitioner,

    v.

UNITED STATES OF AMERICA,

                Respondent.

CASE NO. C24-1863RSM

ORDER DENYING PETITIONER'S
MOTION UNDER 28 U.S.C. § 2255

## I.   INTRODUCTION

Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence.  Dkt. #1.  Petitioner Terry Lamell Ezell challenges the 51- and 70-month consecutive sentences imposed on him by this Court following his guilty plea for supervised release violations and possessing a firearm as a felon.  *Id.* at 1; *see also* Case No. 2:05-cr-00273-RSM, Dkt. #231; Case No. 2:21-cr-62-RSM, Dkt. #68.  Petitioner argues ineffective assistance of counsel.  Dkt. #1 at 12.  He has also attempted to supplement his Motion with several filings in this case.  *See* Dkts. #4, #5, #6, #15, and #21.  The Government has filed a Response addressing the original Motion and all but the last of the attempts to supplement, filed after the close of briefing.  Dkt. #17.  After full consideration of the record, and for the reasons set forth below, the Court DENIES Mr. Ezell's § 2255 motion.

## II. BACKGROUND

In 2005, Mr. Ezell was charged with possession of crack cocaine with: Intent to Distribute in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B)(iii) (Count 1); carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(c) (Count 2); and being a felon in possession of a firearm as an armed career criminal, in violation of 18 U.S.C. §§922(g)(1) and 924(e) (Count 3). Case No. 2:05-cr-00273-RSM, Dkt. #79. On March 10, 2008, following a bench trial, the Court acquitted Mr. Ezell of Count 2 but convicted him of the remaining charges. Case No. 2:05-cr-00273-RSM, Dkts. #108 and #112. Mr. Ezell was sentenced to 262 months. Case No. 2:05-cr-00273-RSM, Dkts. #130 at 36-38.

Mr. Ezell filed a direct appeal. On June 15, 2009, the Ninth Circuit affirmed Mr. Ezell's conviction and sentence. *United States v. Ezell*, 337 F. App'x 623 (9th Cir. 2009). The Supreme Court denied Ezell's petition for certiorari. 559 U.S. 917 (2010).

Mr. Ezell subsequently filed several §2255 petitions, all of which were denied.

In 2019, Mr. Ezell moved for resentencing under the First Step Act. Case No. 2:05-cr-00273-RSM, Dkt. #148. The Court granted his request. At the 2020 resentencing, Ezell assured the Court that he had grown into "a different person" while in prison and left crime behind. Case No. 2:05-cr-00273-RSM, Dkt. #187 at 9–10. The Court said it would "take a chance" on him and reduced his custodial sentence to time served with five years on supervised release. *Id*. at 12.

Mr. Ezell violated his supervised release the next year. In an April 2021 petition, U.S. Probation charged him with possessing a firearm as a felon in April 2021, based on a Ruger pistol found in his girlfriend's apartment, and with failing to report for drug testing in March 2021. Case No. 2:05-cr-00273-RSM, Dkt. #175.

In a separate prosecution under a new case number, a grand jury indicted Ezell on two counts of possessing firearms as a felon. One count charged him with possessing the Ruger pistol seized from the girlfriend's apartment in April 2021. The other count charged him with possessing a Springfield pistol seized from his glovebox in October 2020.  Case No. 2:21-cr-62-RSM, Dkt. #8.

Then U.S. Probation charged Ezell with three more supervised-release violations. Violation 3 alleged that he associated with a known felon in October 2020, Violation 4 charged him with possessing a firearm in October 2020, and Violation 5 charged him with assault in January 2021, based on an armed assault caught on security video.  Case No. 2:05-cr-00273-RSM, Dkt. #188.

Mr. Ezell, represented by appointed counsel Nicholas Vitek, pled guilty in the new criminal case and admitted all five supervised-release violations.  *See* Case No. 2:21-cr-62-RSM, Dkt. #52; Case No. 2:05-cr-00273-RSM, Dkt. #228.  In 2022, the Court sentenced him to 51 months in the revocation case and 70 months consecutive in the new case.  Case No. 2:21-cr-62-RSM, Dkt. #76; Case No. 2:05-cr-00273-RSM, Dkt. #198.

Mr. Ezell appealed, and the Ninth Circuit affirmed his sentence in the new case but remanded for a limited resentencing in the revocation case based on the applicable statutory maximum sentence.  *United States v. Ezell*, Nos. 22-30164 & 22-30165, 2023 WL 7982618, *1 (9th Cir. Nov. 17, 2023).

On remand in the revocation case, Mr. Vitek withdrew as defense counsel, and this Court appointed Chris Black to represent Ezell for resentencing. Before the resentencing hearing in that case, Ezell moved to withdraw two of his five admissions to the supervised-release violations. Case No. 2:05-cr-00273-RSM, Dkt. #220.  Through Black, Ezell argued that

he had told prior counsel Vitek "that the firearm shown in the [assault] video . . . was not an actual firearm and was instead a replica of a firearm;" that Ezell "also provided Mr. Vitek with information about where the replica firearm had been purchased;" that Ezell "always maintained with Mr. Vitek that the item shown in the video of the January 7, 2021 incident was a replica, and was not an actual firearm;" and that Ezell "always maintained with Mr. Vitek that the firearm seized [from the girlfriend's apartment] was not his firearm and that he never possessed it, a position that Mr. Ezell maintains to this day." *Id*. at 3. Ezell supplied no evidence to back up his claims other than his word. The Court denied Ezell's motion on two independent grounds—as falling outside the scope of the Ninth Circuit's limited remand for resentencing, and as meritless because "Mr. Ezell's claims are unsupported and incredible." Case No. 2:05-cr-00273-RSM, Dkt. #228 at 5.

In September 2024, the Court resentenced Ezell in the revocation case to 24 months. Case No. 2:05-cr-00273-RSM, Dkts. #230 and #231. Ezell did not appeal that sentence or the denial of his admission-withdrawal motion.

In November 2024, Ezell filed the instant *pro se* 28 U.S.C. § 2255 motion. Dkt. #1. Then, in February 2025 in the revocation case, Ezell—still represented by Black—moved for a seven-month reduction of his 24-month sentence under 18 U.S.C. § 3582(c)(2). The Court has stayed that Motion pending the resolution of this matter. Case No. 2:21-cr-62-RSM, Dkt. #96.

## III.  DISCUSSION

### A.  Legal Standard

A motion under 28 U.S.C. § 2255 permits a federal prisoner in custody to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or

1    laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the

2    sentence exceeded the maximum authorized by law.

3        A petitioner seeking relief under § 2255 must file his motion with the one-year statute

4    of limitations set forth in § 2255(f).

5        A claim may not be raised in a Section 2255 motion if the defendant had a full

6    opportunity to be heard on the claim during the trial phase and on direct appeal. *See Massaro*

7    *v. United States*, 123 S. Ct. 1690, 1693 (2003).  Where a defendant fails to raise an issue before

8    the trial court, or presents the claim but then abandons it, and fails to include it on direct appeal,

9    the issue is deemed "defaulted" and may not be raised under Section 2255 except under

10   unusual circumstances. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *see also United*

11   *States v. Braswell*, 501 F.3d 1147, 1149 & n.1 (9th Cir. 2007).

12       Ineffective-assistance claims "may be brought in a collateral proceeding under § 2255,

13   whether or not the petitioner could have raised the claim on direct appeal." *Massaro*, 538 U.S.

14   at 504.

15   **B.  Mr. Ezell's Motion**

16       **a.  Timeliness**

17       There is no dispute that Mr. Ezell meets the "custody" requirement of the statute and

18   that this is Motion is timely under § 2255(f).  The judgment became final when the time to seek

19   certiorari from the Ninth Circuit's decision expired on June 27, 2024. *See Clay v. United States*,

20   537 U.S. 522, 524–25 (2003). This Motion was filed on November 5, 2024.

21       **b.  Analysis**

22       The Government argues that Mr. Ezell's ineffective assistance of counsel claims are

23   repackaged objections to Guidelines calculations that were made at the trial and appellate level

24

1    previously. Dkt. #17 at 17. The Government points out that "a petitioner cannot simply recast

2    previously made arguments as ineffective assistance claims." *Id*. (citing *Alcantara v. United*

3    *States*, No. 13-CV-3462, 2017 WL 4417642, at *3–4 (E.D.N.Y. 2017) (collecting authorities,

4    concluding that petitioner's ineffective-assistance arguments were "nothing more than thinly

5    veiled attempts to relitigate the same issues previously decided by this Court and affirmed by

6    the Second Circuit," and declining to consider those arguments "simply because Petitioner now

7    relabeled them as ineffective assistance claims")). The Government also notes that challenges

8    to Guidelines at sentencings "do[] not give rise to a constitutional issue" and provide no

9    grounds for § 2255 relief. *Id*. at 18 (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.

10   1992); *see Burke v. United States*, 152 F.3d 1329, 1331–32 (11th Cir. 1998) (collecting cases)).

11   The Court agrees that Mr. Ezell repeatedly objects to Guidelines calculations and raises other

12   previously made arguments as ineffective assistance claims, especially in his supplemental

13   filings. These claims would thus be procedurally barred.

14          The Government argues that Mr. Ezell's "replica" gun arguments are procedurally

15   defaulted based on the Court's previous ruling on this issue and Mr. Ezell's failure to appeal

16   that ruling. *Id*. at 18–19. The same goes for Mr. Ezell's other points about "allowing the

17   firearm evidence to be admitted into evidence without the proper foundation for admission,"

18   other efforts to relitigate his 2022 sentencing previously raised on appeal, and other allegations

19   of Court error in orders that were not appealed. *See id*. at 19–20. The Court agrees with the

20   Government's analysis on all these points, however this does not prevent Mr. Ezell from raising

21   ineffective assistance claims, which the Court will substantively review in an abundance of

22   caution.

23

24

1   The Court generally agrees with the Government that, "[t]here is no reasonable

2   probability that, but for Vitek's alleged errors, Ezell would have turned down the government's

3   lenient plea offer, gotten a better offer, or gone to trial in the new case—or that he would have

4   elected not to admit all five supervised-release violations in the revocation case." *See id*. at 20.

5   To establish ineffective assistance, a defendant must show that (1) his counsel's

6   performance fell below an objective standard of reasonableness, and (2) but for counsel's

7   errors, the criminal case's outcome would have been different. *Strickland v. Washington*, 466

8   U.S. 668 (1984); *Womack v. Del Papa*, 497 F.3d 998, 1003 (9th Cir. 2007). On both prongs of

9   the *Strickland* test, the defendant bears the burden. *United States v. Quintero-Barraza*, 78 F.3d

10  1344, 1348 (9th Cir. 1995). But a court need not address both prongs if a defendant fails to

11  establish one. *Strickland*, 466 U.S. at 697. The two-part *Strickland* test applies to challenges to

12  guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

13  "A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and

14  intelligent character of the guilty plea by showing that the advice he received from counsel was

15  not within the range of competence demanded of attorneys in criminal cases." *United States v.*

16  *Signori*, 844 F.2d 635, 638 (9th Cir. 1988); *see Hill*, 474 U.S. at 56–57; *Lambert v. Blodgett*,

17  393 F.3d 943, 979 (9th Cir. 2004). As to prejudice, "the defendant must show there is a

18  reasonable probability that, but for counsel's errors, he would not have pleaded guilty and

19  would have insisted on going to trial." *Hill*, 474 U.S. at 59. The same two-part test applies to

20  ineffective-assistance claims related to sentencing proceedings. To prevail, a defendant must

21  show not just that counsel performed deficiently but that there is a reasonable probability he

22  otherwise would have gotten a shorter sentence. *Gonzalez v. Knowles*, 515 F.3d 1006, 1015–16

23  (9th Cir. 2008). Speculative claims about the mere possibility of a shorter sentence are "plainly

24

1    insufficient to establish prejudice." *Id*. at 1016 (citing *Grisby v. Blodgett*, 130 F.3d 365, 373

2    (9th Cir. 1997)). In assessing ineffective-assistance claims, courts must apply a strong

3    presumption that an attorney's representation fell within the wide range of reasonable

4    professional assistance. *Harrington v. Richter*, 562 U.S. 86, 104 (2011); *United States v.*

5    *McGowan*, 668 F.3d 601, 605–06 (9th Cir. 2012). Courts assess counsel's representation under

6    a "most deferential" standard, *Harrington*, 562 U.S. at 105, since "counsel is strongly presumed

7    to have rendered adequate assistance and made all significant decisions in the exercise of

8    reasonable professional judgment." *Strickland*, 466 U.S. at 690.  "Plea bargains are the result of

9    complex negotiations suffused with uncertainty, and defense attorneys must make careful

10   strategic choices in balancing opportunities and risks." *Premo v. Moore*, 562 U.S. 115, 124

11   (2011). "The art of negotiation is at least as nuanced as the art of trial advocacy, and it presents

12   questions farther removed from immediate judicial supervision." *Id*. at 125.

13       Taking the above law into consideration, the Court finds that Mr. Ezell has failed to

14   demonstrate either that his counsel's performance fell below an objective standard of

15   reasonableness, or that but for counsel's errors, the criminal case's outcome would have been

16   different.  The Court credits Mr. Ezell's guilty plea and in-person admissions to the five

17   violations, along with all of his other statements made at sentencing, over his present

18   statements and arguments that are contradicted by the record and consistent with Mr. Ezell's

19   pattern of lying and failing to take responsibility for his actions.  The sworn statements in Mr.

20   Vitek's declaration, Dkt. #18, are credible and refute Mr. Ezell's accusations of ineffective

21   assistance.  Ezell claims that Vitek failed to properly investigate Ezell's "replica" firearm

22   theory, but he did investigate it thoroughly, based on the information Ezell provided, and found

23   no evidence to support it. There is also no reason to believe Mr. Ezell would have received a

24

1    more lenient sentence given Mr. Ezell's history and the other violations not at issue.  Mr. Ezell

2    has failed to demonstrate ineffective assistance of counsel for purposes of this § 2255 motion.

3            **c.  Evidentiary Hearing**

4          An evidentiary hearing on a § 2255 motion is unnecessary if the defendant's allegations

5    "either fail to state a claim for relief or are so palpably incredible or patently frivolous as to

6    warrant summary dismissal." *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989)

7    (quotation marks omitted); *see also United States v. Jackson*, 209 F.3d 1103, 1106 (9th Cir.

8    2000) (no relief warranted when claims contradict record or are incredible when weighed

9    against it).  "Merely conclusory statements in a § 2255 motion are not enough to require a

10    hearing." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (citation omitted). A

11    court need not hold a hearing if credibility questions can be "conclusively decided on the basis

12    of documentary testimony and evidence in the record." *Watts v. United States*, 841 F.2d 1067,

13    1070 (9th Cir. 1988). The Court can also rely on its own recollection, experience, and common

14    sense. *Shah*, 878 F.2d at 1160; *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989);

15    *Watts v. United States*, 841 F.2d 275, 278 (9th Cir. 1988); *Gustave v. United States*, 627 F.2d

16    901, 903–04 (9th Cir. 1980).  The Court finds it has ample grounds to make credibility findings

17    here on the existing record.  Mr. Ezell's factual claims are incredible, frivolous, and

18    contradicted by the record, including Mr. Ezell's own words in the courtroom.  Given all of the

19    above, an evidentiary hearing is unnecessary.

20            **d.  Certificate of Appealability**

21          A defendant may not appeal a decision denying a motion under 28 U.S.C. §2255

22    without obtaining a certificate of appealability. 28 U.S.C. §2253(c)(1)(B). The decision

23    whether to grant a certificate of appealability must be made by this Court in the first instance.

24

1 | *See* Ninth Circuit Rule 22-1(a); *see also* Fed. R. App. P. 22(b)(1). To obtain a certificate of

2 | appealability, the defendant must show "that jurists of reason would find it debatable whether

3 | the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529

4 | U.S. 473, 484 (2000). If any of the defendant's claims are found procedurally defective, he

5 | must also show "that jurists of reason would find it debatable whether the district court was

6 | correct in its procedural ruling." *Id*.

7 | The Court finds that Mr. Ezell has not advanced a colorable claim for relief, upon which

8 | reasonable jurists could disagree, and that he is therefore not entitled to a certificate of

9 | appealability.

## IV. CONCLUSION

Having considered Petitioner's motion, Respondent's answer thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Petitioner's Motion under § 2255 (Dkt. #1) is DENIED.

2. All other pending Motions are DENIED.

3. Petitioner is DENIED a Certificate of Appealability in this matter.

4. The Clerk of the Court is directed to forward a copy of this Order to Petitioner and all counsel of record.

DATED this 28th day of July, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE